# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1468V
Filed: September 24, 2018
UNPUBLISHED

| | |
|---|---|
| PURNA KAMI,<br><br>                  Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                  Respondent. | Special Processing Unit (SPU);<br>Dismissal; Failure to Prosecute |

*David A. Kulwicki, Mishkind Law CO., Cleveland, OH*, for petitioner.
*Lisa Ann Watts, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION[1]

**Dorsey**, Chief Special Master:

On October 6, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barre Syndrome ("GBS") caused by his October 15, 2014 influenza ("flu") vaccination. Petition at 1. For the reasons discussed below, this case is **DISMISSED** without prejudice to refile.

### I. Procedural History

Based on the allegations in the petition, the undersigned assigned the case for expedited resolution in the Special Processing Unit, which is intended for cases that reflect an injury likely to result in compensation without extensive litigation. (ECF No.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

5.) Following the initial status conference in this case, petitioner was ordered to seek out additional medical records. (ECF No. 11.) Respondent later confirmed upon his review of the case that the additional medical records were necessary to respondent's review of the case.[3] (ECF No. 21.)

On April 4, 2018, petitioner's filing deadline was extended to April 10, 2018; however, petitioner's counsel subsequently filed a motion to withdraw as counsel. (ECF Nos. 14-15.) Petitioner's counsel indicated that he was unable to continue prosecution of the case, because petitioner had cut-off contact. He requested that petitioner be granted 60 days to retain new counsel and submit the required filings. (ECF No. 15.)

Petitioner's counsel's motion to withdraw was held in abeyance and counsel was ordered to demonstrate that he had provided a copy of the undersigned's scheduling order to petitioner. (ECF No. 16.) The order advised petitioner that if he did not retain new counsel and his counsel withdrew, he would become solely responsible for responding to the court's orders. (ECF No. 16.) Petitioner's counsel subsequently submitted a status report in which he detailed his efforts to contact petitioner and advised that he has been unable to resume contact with petitioner. (ECF No. 19.) Counsel reported that petitioner did not respond to any of his communications. (*Id.*) Nor did any other counsel noticed an appearance on petitioner's behalf.

Subsequently, a status conference was held before the staff attorney managing this case. (Minute Entry, 6/11/2018.) The staff attorney advised the parties that the undersigned intended to deny petitioner's counsel's motion to withdraw and that an Order to Show Cause why this case should not be dismissed for failure to prosecute would issue instead. The staff attorney relayed the undersigned's view that, notwithstanding his difficulty in communicating with petitioner, petitioner's counsel remained better equipped than the court to effectuate any communication with petitioner.

On June 12, 2018, the undersigned issued an Order to Show Cause why the case should not be dismissed for failure to prosecute. (ECF No. 22.) Petitioner was provided 90 days to respond to the order and petitioner's counsel was ordered to provide a status report confirming that a copy of the order had been provided to petitioner. (*Id.*) Petitioner was advised that "petitioner shall have 90 days to respond to this order and is advised that failure to respond to this order by Monday, September 10, 2018, will result in dismissal of petitioner's claim for failure to prosecute. Such dismissal will be without prejudice to refile." (*Id.*)

---

[3] The requirements which must be satisfied by the petition and accompanying documents are set forth in 42 U.S.C. § 300aa-11(c) (2012). The petition must be supported by vaccination record(s), records evidencing diagnosis of alleged vaccine related injury, records evidencing that the vaccine related injury persisted for at least six months or resulted in death or inpatient hospitalization and surgical intervention, and records evidencing vaccinee's general health and condition both before and after the implicated vaccination(s).

On July 12, 2018, petitioner's counsel filed a status report indicating that a copy of the Order to Show Cause was sent to petitioner via United States Postal Service Certified Mail, but that delivery could not be completed. (ECF No. 23.)  Subsequently, counsel resent the Order to Show Cause by Federal Express delivery. (*Id.*)  Counsel provided confirmation of that delivery (though no signature was required). (*Id.*)  As of July 12, 2018, petitioner's counsel indicated that he has had no contact with his client.

On September 10, 2018, petitioner's deadline for responding to the Order to Show Cause lapsed without any filing by petitioner.

### II. Discussion

Petitioner has an obligation to prosecute his claim and to comply with court orders.  Failure to do so can result in involuntary dismissal of petitioner's claim. Vaccine Rule 21(b)(1).  The obligation to respond to court orders is not counsel's alone.  A claim may be dismissed where the failure to respond results from petitioner's failure to maintain contact with his attorney.  *See, e.g. Fisher v. Sec'y Health & Human Servs.*, No. 10-784V, 2012 WL 2202940(Fed. Cl. Spec. Mstr. May 10, 2012); *see also Schoenfeld v. Sec'y of Health and Human Servs.*, No. 03-338V, 2012 WL 848146 (Fed. Cl. Spec. Mstr. Feb. 21, 2012).  Since petitioner has failed to maintain contact with his counsel and has also failed to otherwise respond to the undersigned's orders or retain new counsel, this case shall be dismissed.

### III. Conclusion

**In light of the history provided above and in consideration of all the facts and circumstances of this case, the undersigned hereby DISMISSES this case without prejudice to refile.**

**The clerk shall enter judgment accordingly.[4]**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Chief Special Master

---

[4] If petitioner wishes to bring a civil action, he must file a notice of election rejecting the judgment pursuant to 42 U.S.C. § 300aa-21(a) "not later than 90 days after the date of the court's final judgment."