# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 17-1468V
Filed: November 30, 2018
UNPUBLISHED

|   |   |
|---|---|
| PURNA KAMI, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*David A. Kulwicki, Mishkind Law CO.,* Cleveland, OH, for petitioner.
*Lisa Ann Watts,* U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 6, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that he suffered Guillain Barre Syndrome (GBS) caused by his October 15, 2014 influenza ("flu") vaccination. On September 24, 2018, the undersigned dismissed the case without prejudice to refile.[3]  ECF No. 24.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

[3] The case was dismissed due to petitioner's failure to maintain contact with his attorney. Based on the evidence filed in the case, the undersigned finds that the petition was filed in good faith and with a reasonable basis.

## I. Procedural History

### a. Motion for Attorneys' Fees and Costs

On May 3, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 17. Petitioner requested attorneys' fees in the amount of $7,518.75 and attorneys' costs in the amount of $519.62. *Id.* at 6. On October 1, 2018, petitioner filed a supplemental motion for attorney fees and costs in the amount of $1,256.79.[4] ECF No. 26. Thus, the total amount requested is $9,295.16.

On May 14, 2018, respondent filed a response to petitioner's motion. ECF No. 18. Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent added, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. On October 4, 2018, respondent filed a response to petitioner's supplemental motion for attorneys' fees and costs. ECF No. 28. Respondent reiterated his position from the original response filing. Petitioner filed no reply.

The undersigned reviewed the billing records submitted with petitioner's request and found a reduction in the amount of fees to be awarded appropriate. On October 31, 2018, the undersigned issued a decision awarding $8,561.66 for attorneys' fees and costs. ECF No. 31. The award was made payable to petitioner and petitioner's counsel jointly.

### b. Motion for Reconsideration

On November 15, 2018, petitioner filed a motion for reconsideration. ECF No. 32. Petitioner argued that since the case had been dismissed for failure to prosecute due to petitioner's own failure to maintain contact with counsel, the award for attorneys' fees should be made payable to counsel alone. *Id.* Counsel noted that the docket reflects counsel's inability to contact petitioner despite persistent efforts and that "petitioner's counsel has a reasonable expectation that petitioner will not cooperate in negotiating a check made payable jointly . . ." *Id.* Petitioner sought no further relief from the undersigned's October 31, 2018 decision.

On November 15, 2018, the undersigned issued an order granting petitioner's motion to the extent of withdrawing the October 31, 2018 decision for further review.

---

[4] Petitioner's counsel filed the initial motion for attorney fees and costs after filing a motion to withdraw as attorney of record. ECF No. 15. The motion to withdraw was denied on June 12, 2018. *See* Non-PDF Order. The case was dismissed without prejudice on September 24, 2018. ECF No. 24. Petitioner's counsel filed the supplemental motion for attorney's fees on October 1, 2018. ECF No. 26.

2

ECF No. 33.  Respondent was order to file a response to the motion, if any, by November 29, 2018.  *Id.*  Respondent filed no reply.

The undersigned's prior decision already having been withdrawn, the undersigned now issues this superseding decision pursuant to Vaccine Rule 10(e)(3)(A).[5]

## II. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). He "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.

## III. Attorney Fees

Petitioner requests compensation for attorney David A. Kulwicki at the rate of $400 per hour.  ECF No. 17 at 4. The undersigned finds the requested rate excessive based on his overall legal experience, the quality of work performed, and the lack of experience in the Vaccine Program.[6]  *See McCulloch v. Sec'y of Health & Human*

---

[5] In the order withdrawing her prior decision, the undersigned noted that "[w]hether petitioner will be entitled to the substantive relief requested in the motion for reconsideration will be determined after further analysis. ECF No. 33.  The undersigned has the discretion to grant or deny a motion for reconsideration "in the interest of justice." Vaccine Rule 10(e)(3).  Based on petitioner's motion and respondent's lack of objection, and for the reasons described in section V, below, the undersigned is satisfied that this standard has been met and provides the relief requested.

[6] This case is the first case in the Vaccine Program for Mr. Kulwicki.

*Servs.*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Mr. Kulwicki falls within the 20 - 30 years' experience range for his work performed through the entirety of this case. Hourly rates within the 20 – 30 years of experience in the vaccine program are as follows: $358 - $424 for work performed in 2017 and $370 - $439 for work performed in 2018. These rates are derived from the OSM Attorneys' Forum Hourly Rate Schedules available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.  The undersigned incorporates by reference all of the explanatory notes contained in these rate schedules.  *See also McCulloch*, 2015 WL 5634323, at *19.

Although Mr. Kulwicki is an experienced attorney, his experience in the Vaccine Program is limited and does not support the higher end of the experience range.  The undersigned reduces Mr. Kulwicki's hourly rates as follows: $358 per hour for work performed in 2017 and $370.00 for work performed in 2018. The undersigned finds that the proposed paralegal rate of $125 per hour reasonable. Therefore, attorneys' fees **requested are reduced by $733.50**.[7]

## IV.   Attorney Costs

Petitioner requests compensation for attorney costs in the amount of $1,256.79. These costs include medical records, filing fees and postal charges. The undersigned finds the overall request for attorney costs reasonable and awards the request in full.

## V.   Form of the Award

Due to petitioner's failure to maintain communication with counsel, counsel requests that the award of attorneys' fees and costs be made directly payable to counsel and not jointly with petitioner.  ECF No. 32. Under the specific facts and circumstances of this case, the undersigned is persuaded that petitioner's counsel is correct in asserting that he "has a reasonable expectation that petitioner will not cooperate in negotiating a check made payable jointly . . ." *Id.*

Awards of attorneys' fees and costs are made payable jointly to petitioner and counsel because they are considered an element of petitioner's compensation. However, where counsel cannot obtain the signature of petitioner through no fault of his own:

---

[7] This amount is consists of ($400 - $358 = $42 x 11.75 hrs = $493.50) + ($400 - $370 = $430 x 8 =$240) = $733.50.

> Making a check out to counsel alone *in these circumstances* does not defeat the principle that the payment of attorneys' fees and costs constitutes an element of petitioner's compensation.  The payment belongs to Petitioner, but he is not available to receive it. His agent, who represented him in these proceedings, is available.  It seems a very modest accommodation to facilitate payment to petitioner in such a case by paying his agent, and it does not harm to the statutory scheme.

*Gitestanti v. Sec'y Health & Human Servs.* No. 09-799V, 2011 WL 5025006, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2011)(emphasis added); *see also Tutza v. Sec'y Health & Human Servs.*, No. 04-223V, 2012 WL 2362594 (Fed. Cl. Spec. Mstr. Apr. 20, 2012); *Turner v. Sec'y Health & Human Servs.*, No. 02-1437V, 2014 WL 1493119 (Fed. Cl. Spec. Mstr. Mar. 26, 2014).  Moreover, respondent has raised no objection.

### VI.    Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $8,561.66[8] as a lump sum in the form of a check payable to petitioner's counsel, David A. Kulwicki.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[8] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.